UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PATTI J. GIDEON,                          )
                                          ) No. CV-08-296-JPH
          Plaintiff,                      )
                                          ) ORDER GRANTING DEFENDANT'S
v.                                        ) MOTION FOR SUMMARY JUDGMENT
                                          )
MICHAEL J. ASTRUE, Commissioner           )
of Social Security,                       )
                                          )
          Defendant.                      )
                                          )
_____  )

    BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on December 4, 2009. (Ct. Recs.
12, 15). Attorney Clarke W. Tibbits represents plaintiff; Special
Assistant United States Attorney Terrye E. Shea represents the
Commissioner of Social Security ("Commissioner"). The parties
have consented to proceed before a magistrate judge. (Ct. Rec.
12.) After reviewing the administrative record and the briefs
filed by the parties, the court **GRANTS** Defendant's Motion for
Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for
Summary Judgment (Ct. Rec. 12.)

                        **JURISDICTION**

    Plaintiff protectively filed applications for disability
insurance benefits (DIB) and supplemental security income (SSI) on
May 25, 2004, alleging onset as of July 4, 2003. (Tr. 69 -
protective filing date; applications not in court file.) The

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 1 -

applications were denied initially and on reconsideration. (Tr. 43-44, 47-50.)

A hearing was held April 25, 2007, before Administrative Law Judge (ALJ) Richard A. Say.  Plaintiff, represented by counsel, and vocational expert Joseph A. Moisan testified.  (Tr. 409-431.) On June 2, 2007, the ALJ issued his decision (Tr. 28-37) finding plaintiff not disabled as defined by the Act (Tr. 37).  On July 25, 2008, the Appeals Council denied review (Tr. 6-8).  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on September 29, 2008 (Ct. Recs. 2,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both parties, and are summarized here.

Plaintiff was 46 years old at onset and 50 at the time of the ALJ's decision.  (Tr. 411-412.)  She has an eighth grade education and has earned her certificate as a nursing assistant (CNA).  (Tr. 77, 217.)  Plaintiff has worked as a certified nursing assistant, an orchard worker, server, and  bartender.  (Tr. 72,117,217,242.) She alleges disability onset as of July 4, 2003, due to fibromyalgia, right shoulder impairment, hypertension, chronic obstructive pulmonary disease (COPD), and  anxiety. (Tr. 43,47,71.)

///

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through March 31, 2008. (Tr. 28.) At step one, the ALJ found plaintiff has not engaged in substantial gainful activity since onset. (Tr. 30.) At steps two and three, the ALJ found plaintiff suffers from degenerative disc disease of the lumbar spine and right rotator cuff tear status post surgery, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 30,32.) The ALJ found plaintiff less than completely credible. (Tr. 33.) At step four, relying on the VE, the ALJ found plaintiff's RFC for a range of light work prevents performing her past relevant work. (Tr. 35, relying on Tr. 425.) At step five, again relying on the vocational expert, the ALJ found there are other jobs plaintiff could perform, including telemarketer (a sedentary position), survey worker, room service clerk, and photocopying machine

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 6 -

operator. (Tr. 36, relying on Tr. 426.) Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 36-37.)

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law by failing to properly weigh the medical evidence and erroneously assessing her credibility. She alleges these errors, in turn, resulted in a flawed RFC and incomplete questions to the VE. And, plaintiff argues the ALJ should have assessed an RFC for sedentary work making her presumptively disabled at age 50. (Ct. Rec. 15 at 14.)

The Commissioner asks the Court to affirm the decision because, he asserts, it is supported by the evidence and free of error. (Ct. Rec. 21 at 18).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Opinions of Dr. Erickson and Ms. Naman

Plaintiff alleges the ALJ failed to properly credit the August 2003 and June 2004 opinions of treating physician Michael

Erickson, M.D. (Ct. Rec. 15 at 7-8.)  Specifically, plaintiff
alleges the ALJ should have credited Dr. Erickson's opinion
plaintiff's COPD and asthma made her "severely limited" and
"later, only capable of sedentary work," instead of assessing an
RFC for a range of light work.  (Id.)

     To the extent the ALJ rejected Dr. Erickson's opinion, his
reasons are legitimate, specific, and supported by substantial
evidence in the record.  *See Lester v. Chater*, 81 F. 3d 821, 830-
831 (9th Cir. 1995)(holding that the ALJ must make findings
setting forth specific, legitimate reasons for rejecting the
treating physician's contradicted opinion).  ALJ Say found Dr.
Erickson's June 10, 2004, opinion (1) was given in a secondary
gain context [for DSHS benefits]; (2) uses a definition of
"marked" impairment that differs from that used by the Social
Security Administration; (3) contains very little explanation as
to how he arrived at his conclusions; (4) is entered on a checkbox
form, and (5) is contradicted by another doctor's examination
results.  (Tr. 34-35, referring to Tr. 278-279.)

     The ALJ correctly notes Gary Oppenheim, M.D., examined
plaintiff in March of 2004 for complaints of chest pain and
shortness of breath.  (Tr. 34, referring to Tr. 133-134.)  After
testing, Dr. Oppenheim opined plaintiff's shortness of breath is
likely related to COPD/asthma and she needed to quit smoking. (Tr.
134).

     The ALJ relies on the January of 2005 opinion of Richard
Lynn, M.D., that spirometry testing was normal and yielded "no
evidence of restriction to airflow or restrictive disease," only a
mild increase in some chemicals due to smoking. (Tr. 34, referring

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 9 -

to Tr. 213). The ALJ notes plaintiff told Dr. Lynn she can walk for 10 minutes, stand for 30, sit for 2 hours, and lift 10 pounds, including overhead. (Id.)

Although Dr. Erickson opined in June of 2004 plaintiff's asthma is a severe impairment (as defined by DSHS), when queried in the same form whether the condition was caused by substance abuse, he checked yes, adding "tobacco smoking is central to her asthma;" and, asthma "would dissipate with 60 days of abstinence" (Tr. 278). Dr. Erickson stated plaintiff was not currently participating in treatment because "[s]he is smoking" (Tr. 279). He opined she would be capable of release for sedentary work in 12 weeks, although the basis of this opinion is unclear (Tr. 279).

To the extent the ALJ rejected Dr. Erickson's June 2004 opinion, his reasons are specific and legitimate. *See e.g.*, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)(opinions in check-box form or reports without significant explanation for the basis of the conclusions may properly be accorded little or no weight); and *Batson v. Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004) (contradictory examination results by another physician is a specific and legitimate reason to discount a treating physician's opinion).

With respect to the December 2004 and May 2007 opinions of Laurel Naman, ARNP, (Tr. 287-288,362-363) plaintiff acknowledges the ALJ was required to give reasons germane to Ms. Naman for rejecting her lay witness opinion (Ct. Rec. 15 at 1,8-9). Plaintiff is correct. The ALJ must take into account lay witness testimony, unless he or she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing

1   so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  An ALJ
2   may reject lay testimony which conflicts with medical evidence.
3   *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

4       Ms. Naman checked boxes on DSHS forms indicating plaintiff
5   was either severely limited or capable of sedentary work.  The ALJ
6   rejected her opinions for the same reasons as Dr. Erickson's (Tr.
7   34-35).  The ALJ's reasons are germane.  He properly weighed the
8   lay witness testimony.

9       To further aid in weighing the conflicting medical evidence,
10  the ALJ evaluated plaintiff's credibility and found her less than
11  fully credible (Tr. 34). Credibility determinations bear on
12  evaluations of medical evidence when an ALJ is presented with
13  conflicting medical opinions or inconsistency between a claimant's
14  subjective complaints and diagnosed condition.  *See Webb v.*
15  *Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

16      It is the province of the ALJ to make credibility
17  determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.
18  1995).  However, the ALJ's findings must be supported by specific
19  cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir.
20  1990).  Once the claimant produces medical evidence of an
21  underlying medical impairment, the ALJ may not discredit testimony
22  as to the severity of an impairment because it is unsupported by
23  medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.
24  1998).  Absent affirmative evidence of malingering, the ALJ's
25  reasons for rejecting the claimant's testimony must be "clear and
26  convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).
27  "General findings are insufficient: rather the ALJ must identify
28  what testimony not credible and what evidence undermines the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ gave clear and convincing reasons for his credibility assessment, some of which include failing to follow recommended courses of treatment, statements inconsistent with objective medical evidence, and inconsistent statements to providers. (Tr. 34.)  Each is fully supported.

As the ALJ observes, plaintiff failed to follow recommended courses of treatment, including smoking cessation.  (Tr. 31: Ms. Naman "repeatedly noted that the claimant continued to smoke even though cessation had been strongly recommended"); (ALJ Say at Tr. 34: "[plaintiff] claims to be limited by her shortness of breath, yet she voluntarily continues to smoke.")  Noncompliance with medial care casts doubt on a claimant's subjective complaints. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989);  Soc. Sec. Ruling 96-7p.

The ALJ notes plaintiff's testimony she can only sit 10-15 minutes is undercut by her statement to John Gilbert, Ph.D., in 2005, she watched television daily for two and a half hours.  It is also contradicted by her own testimony she can drive for 30 minutes. (Tr. 34, referring to Tr. 218, 416, 418.)  Plaintiff self-reports a diagnosis of fibromyalgia, yet the only objective evidence is a note dated May 22, 2000, indicating a "rheumatologist noted that fibromyalgia tender  points were positive in 2 of 18 locations[1]" (Tr. 317)(review of records by

---

[1]Fibromyalgia is diagnosed if a person feels tenderness at 11 or more of the 18 designated tender points or if they have some tender points plus other typical symptoms. MERCK ONLINE MANUAL, Fibromyalgia Diagnosis at page 1.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 12 -

Objective Medical Assessments Corporation on 2/9/07). More than a year after the ALJ's adverse decision, plaintiff told Ms. Naman "no specialist wanted to see her to diagnose fibromyalgia, as she [plaintiff] had requested several months ago" (Tr. 353, 4/15/2008). And plaintiff's credibility as to the degree of her impairment is undermined, as the ALJ points out, by Dr. Erickson and Ms. Naman opining plaintiff can perform sedentary work.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of credibility and of Dr. Erickson's and Ms. Naman's opinions is without error and fully supported by the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 13 -

evidence.

   Psychological impairment

   Plaintiff alleges the ALJ improperly rejected the opinions of consulting psychologists Mary Gentile, Ph.D., and Ed Beaty, Ph.D. (Tr. 250-266), in favor of the opinion of examining psychologist John Gilbert, Ph.D., who assessed a GAF of 65 indicating mild impairment (Tr. 219). (Ct. Rec. 15 at 10). As the opinion of an examining psychologist is always entitled to more weight than that of a reviewing (agency consulting) psychologist, the ALJ did not err. *See e.g., Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). In addition, Dr. Gentile opines plaintiff's attention, concentration, persistence, and pace are "slowed by physical symptoms," resulting in moderate limitation (Tr. 264, 266). The ALJ's finding that plaintiff's physical symptoms do not preclude a range of light work contradicts Dr. Gentile's assessment.

**B. VE**

   Last, plaintiff contends the ALJ failed to include all of her limitations in his hypothetical to the VE (Ct. Rec. 15 at 13-14). Because the ALJ included all limitations supported by the evidence, as discussed, he did not commit error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)

                              **CONCLUSION**

   Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and supported by substantial evidence..

   **IT IS ORDERED:**

   1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 14 -

1    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

2  **DENIED.**

3    The District Court Executive is directed to file this Order,

4  provide copies to counsel for Plaintiff and Defendant, enter

5  judgment in favor of Defendant, and **CLOSE** this file.

6    DATED this 12th day of January, 2010.

7                          <u>s/ James P. Hutton</u>
                          JAMES P. HUTTON

8              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -